UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAKEISHA ROLLINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 1:24-cv-00671 (UNA) |
| JEFFREY L. LATNEY, JR., | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

This matter is before the court on plaintiff's application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and a *pro se* complaint ("Compl."), ECF No. 1. The court grants the IFP application and, for the reasons explained below, it dismisses the complaint without prejudice, *see* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of the District of Columbia, sues Jeffrey Latney, Jr., who resides in Nashville, Tennessee. Compl. at 1–2. She alleges that defendant has violated her constitutionally protected rights, federal and Tennessee state laws, and the Tennessee Rules of Civil Procedure, by alienating her from her two minor children. *See id.* at 3–5. She further contends that defendant has acted in contravention of a custody order entered by a state juvenile court in Tennessee, and that he has made false statements about her in the course of those proceedings. *See id.* at 4. She demands that this court "reestablish[] [her] legal rights and reinstate [her] parental rights of having sole custody" of her children. *Id*. at 6. She also demands that defendant reimburse her for "fi[n]ancial losses and injuries." *See id*.

Plaintiff has failed to establish subject matter jurisdiction. *See generally* 28 U.S.C. §§ 1331 and 1332. Relevant here, federal district courts generally lack jurisdiction to review or interfere with judicial decisions by state courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

To that same end, the domestic relations exception deprives a federal district court of the "power to issue divorce . . . and child custody decrees," *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), or to decide child support obligations or custody determinations, *see Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (explaining that domestic relationship exception divests federal court of jurisdiction over "grant[ing] a divorce, determin[ing] alimony or support obligations, or resolv[ing] parental conflicts over the custody of their children"). Indeed, state custody determinations fail to implicate any constitutional or federal statutory right, and as such, they must be contested in the local court where the proceedings were held. *See Lassiter v. Department of Social Services*, 452 U.S. 18, 25 (1981) (no constitutional right to counsel in civil actions where plaintiff's personal liberty is not at stake); *see also Bennett*, 682 F.2d at 1042 (child custody issues uniquely suited to resolution in local courts). Simply put, "[e]vents may not have unfolded as [p]laintiff wished, but h[er] dissatisfaction . . . [does] not form a basis" for a constitutional violation. *See Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).

Accordingly, the complaint, ECF No. 1, and this case, are dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: May 1, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge